## CIRCUIT COURT OF FAUQUIER COUNTY

Liberty Savings Bank

v.

Ben J. Powers Construction, Inc., et al.

December 2, 1992

Case No. (Chancery) 90-33

BY JUDGE J. MICHAEL GAMBLE

I have taken under advisement the Motion for Sanctions filed by Mr. Schell on behalf of Ben J. Powers Construction, Inc., and Ben J. Powers and Hazel Powers. The motion basically requests attorney's fees in the amount of $49,660.85 arising from the specific performance and accounting suit in the Circuit Court of Fauquier County, a defamation suit, a shareholders' derivative suit, four actions in the United States District Court, an appeal to the Virginia Supreme Court, and various complaints with the Virginia State Bar. This Court cannot consider for purposes of sanctions any matters which have occurred in other courts and other proceedings. For this reason, the request for sanctions in the defamation case, the shareholders' derivative suit, the actions in the United States District Court, the actions before the State Bar Disciplinary Committee, and the actions in any other court or proceeding is denied.

The Court recognizes that most of the actions brought by Mr. Facemire in other courts or before the Disciplinary Committee are founded in bad faith and are intended to harass both Mr. Schell and the Defendants. It appears to the Court that Mr. Schell has properly and professionally represented Mr. and Mrs. Powers and Powers Construction Company in these various proceedings in other courts. Further, the Court applauds Mr. Schell for continuing to represent Mr. and Mrs. Powers, individually, and the corporation, notwithstanding the multiplicity of assaultive actions filed by Mr. Facemire in various courts and with the Virginia State Bar. Nonethe-

less, these are not matters that this Court can take cognizance of because they are not a part of the original specific performance/accounting action that was filed.

I now must turn to the claim for sanctions arising out of the specific performance suit initially filed by Liberty Savings Bank. Mr. Facemire vigorously opposed the relief sought by both Liberty Savings Bank and Powers in the specific performance suit. Quite frequently, his actions in this case were obstructive, disrespectful, improper, and uncooperative. Although the Court ruled in favor of Liberty Savings Bank and against Mr. Facemire on the issue of specific performance, the Court cannot say that Mr. Facemire's actions in opposing the specific performance claim are sufficiently in bad faith to require sanctions under § 8.01-271.1 of the Code of Virginia. Thus the Court declines to sanction Mr. Facemire for his actions opposing the specific performance case.

However, the Court does believe that Mr. Facemire's actions subsequent to the specific performance case were in many respects undertaken in bad faith with the intent to harass and obstruct. In particular, he filed a Bill of Review that was unfounded. He failed to cooperate with the transfer of the titles to the extent that the Court was required to enter an order directing him to cooperate. He pursued a groundless action for an accounting after he lost the specific performance action. The Court granted summary judgment prior to trial. He noted an appeal to the dismissal of the accounting and failed to file any record or transcript. Further, in the context of the appeal from the dismissal of the accounting counterclaim, he tried to appeal issues in the specific performance case after the time for appeal had expired.

I have reviewed the billing statements of Mr. Schell, and I find that outside of contesting the appeal, he spent approximately thirty hours on matters related to the improper motions and actions of Mr. Facemire. I am going to award him $150.00 per hour for a total of $4,500.00. Additionally, I find that he incurred additional time contesting the bad faith appeals, and I award him $1,500.00 for his efforts in contesting these appeals. Last, Mr. Schell claims $4,225.00 in expert witness fees. I believe that only a portion of this is attributable to the matters subsequent to the order granting specific performance, and thus, I award $500.00 in expert witness fees.

Accordingly, I grant judgment to Mr. and Mrs. Ben J. Powers in the amount of $6,500.00 against Ralph E. Facemire as sanctions for his improper conduct and actions in this litigation pursuant to § 8.01-271.1 of the Code of Virginia.